### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND
**Greenbelt Division**

| | |
|---|---|
| **GENERAL ELECTRIC CAPITAL** ) | |
| **CORPORATION, a Delaware Corporation,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No:** |
| ) | |
| **DREAM TOURS, INC., a Virginia corporation** ) | |
| **authorized to do business in Maryland,** ) | |
| ) | |
| **Serve: Simon M. Osnos** ) | |
|     **Registered Agent** ) | |
|     **7301 Brickyard Road** ) | |
|     **Potomac Heights, Maryland  20854** ) | |
| ) | |
| **PETER YI,** ) | |
| **11591 Avondale Drive** ) | |
| **Fairfax, Virginia 22030** ) | |
| ) | |
|     **Defendants.** ) | |

---

### COMPLAINT AND PETITION FOR REPLEVIN,
### PRETRIAL SEIZURE POSSESSION OF PERSONAL PROPERTY,
### TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT
### INJUNCTION, DETINUE AND JUDGMENT FOR DAMAGES

PLAINTIFF, GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware Corporation, by and through its counsel, and along with its supporting affidavit and exhibits, states as follows for its Complaint and Petition in this matter:

### Parties and Jurisdiction

1.    At all times relevant hereto, Plaintiff General Electric Capital Corporation ("GE Capital" or the "Plaintiff") was, and is, a corporation organized under the laws of the State of

Philip C. Baxa, Esquire MD Bar No. 11675
MercerTrigiani LLP
16 South Second Street
Richmond, VA  23219
Tel: 804-782-8691
Fax: 804-644-0209
phil.baxa@mercertrigiani.com
  Counsel for General Electric Capital Corporation

Delaware, with its principal place of business at 10 Riverview Drive, Danbury, Connecticut 06810. At all times relevant hereto, GE Capital was and is authorized to conduct business in the State of Maryland and within this judicial district.  GE Capital is the successor in interest to Partnership Financial Services, Inc.

2.    At all times relevant hereto, Defendant Dream Tours, Inc. (the "Debtor" or "Dream Tours") was, and is, a corporation organized and existing under the laws of the State of Virginia with its principal place of business located at 201 Ritchie Rd. #C-2, Capitol Heights, Maryland 20743 within this judicial district.

3.    At all times relevant hereto, Defendant Peter Yi (the "Guarantor" or "Mr. Yi") was, and is, an individual with this principal residence in the Commonwealth of Virginia, at 11591 Avondale Drive, Fairfax, Virginia 22030.  Debtor Dream Tours and Guarantor Mr. Yi shall be referred to collectively herein as the "Defendants" or "the Debtor".

4.    Jurisdiction is proper under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 and the Plaintiff and all Defendants are citizens of different states.

5.    Venue is proper under 28 U.S.C. § 1391, wherein jurisdiction is founded only on diversity of citizenship, as this case is brought in the jurisdiction and venue where Dream Tours has its principal place of business and the property in question is physically located.

## General Allegations

6.    On or about January 31, 2003, Dream Tours entered into a  Master Security Agreement, Vehicles Schedule No. 001, and Promissory Note (collectively, the "Security Documents") with GE Capital under which GE Capital agreed to finance the Debtor's purchase of the property identified in Vehicles Schedule No. 001 as:

| Quantity | Manufacturer | Serial Number | Year/Model & Type |
|---|---|---|---|
| 1 | Van Hool | YE2TC13B3Y2044037 | 2000 T2145 Intercity Motorcoach |

| 1 | Prevost | 2PCH33493Y1013345 | 2000 H345 Intercity Motorcoach |

(the "Vehicles"). The Vehicles were purchased for use in the Debtor's business, in exchange for which the Debtor granted GE Capital a security interest in the Debtor's property, including but not limited to the Vehicles and all additions, attachments, accessories, accessions, thereto, any and all substitutions, replacements or exchanges therefore, and any and all insurance and/or other proceeds thereof (collectively, the "Vehicles"). True and correct copies of the Security Documents are attached hereto and incorporated herein collectively by reference as **Exhibit 1**.

7.      On or about February 4, 2003, in order to perfect its security interest in the Vehicles, GE Capital filed UCC-1 Financing Statement #030204-7234 with the Secretary of the Commonwealth of Virginia.  A true and correct copy of the Financing Statement is attached hereto and incorporated herein by reference as **Exhibit 2**.  GE Capital also recorded its liens on the certificates of the titles of the Vehicles.  **Exhibit 3** hereto includes copies of the titles showing GE Capital's lien on the Vehicles.

8.      Pursuant to the terms of the Security Documents, and specifically the Promissory Note, Dream Tours agreed to remit to GE Capital consecutive monthly note payments of $10,130.13 for a term of eighty (80) months, with interest accruing at a rate of ten percent (10%) per annum.

9.      On or about January 30, 2003, in order to induce GE Capital to enter into the Security Documents, Defendant Mr. Yi executed an Individual Guaranty ("Guaranty") in which he agreed to be primarily, absolutely, continually, and unconditionally bound to GE Capital for the prompt payment and performance of Dream Tours' obligations under the terms of the Security Documents, therein, agreeing among other things, that Defendant Mr. Yi "guarantees to [GE Capital], your successors and assigns, the due and regular punctual performance of any

other duty or obligation of any kind or character whatsoever that [Dream Tours] may owe you

now or at any time hereafter ….”  A true and correct copy of the Guaranty is attached hereto and

incorporated herein by reference as **Exhibit 4**.

10.     At all times relevant hereto, Mr. Yi was, and is, the sole owner of Dream Tours,

and/or an officer and director of Dream Tours, and controls and manages the operations of

Dream Tours.

11.     Dream Tours was put in possession of the Vehicles. GE Capital performed all

duties and obligations required of it under the Security Documents.

12.     In May 2008, Dream Tours defaulted under the Security Documents by, among

other things, failing to remit monthly payments as they became due under the terms of the

Promissory Note.

13.     By letter dated August 26, 2008, GE Capital notified Dream Tours that its account

was in default for the Debtor's failure to remit payment when due in the amount of $67,552.73,

which consisted of monthly payments and other charges due and unpaid for the months of May,

June, July, and August 2008.   GE Capital demanded that the Dream Tours remit the outstanding

balance on or before September 5, 2008 or GE Capital would be forced to pursue other actions to

protect its investment.  A true and correct copy of the default letter is attached hereto and

incorporated herein by reference as **Exhibit 5**.

14.     Pursuant to the Security Documents and Guaranty, Dream Tours and Mr. Yi are

also required to reimburse GE Capital for all losses costs, attorneys' fees and expenses which GE

Capital suffers by reason of the Debtor's or Guarantor's default.

15.     On August 27, 2008, Dream Tours filed a Voluntary Petition for Relief under

Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the

District of Maryland, Greenbelt Division ("the Bankruptcy Court"), Case No. 08-21007-PM ("the Bankruptcy Case").

16.      On July 7, 2009, the Bankruptcy Court entered its Consent Order in the Bankruptcy Case Providing Adequate Protection and Terminating Automatic Stay as to General Electric Capital Corporation and its interests in the Vehicles ("Consent Order").   A true and correct copy of the Consent Order is attached hereto and incorporated herein by reference as **Exhibit 6**.

17.      On August 25, 2009, the Bankruptcy Court entered its Consent Order Granting United States Trustee's Motion under Section 1112(b) of the Bankruptcy Code dismissing the Bankruptcy Case of Dream Tours ("Dismissal Order").  A true and correct copy of the Consent Order is attached hereto and incorporated herein by reference as **Exhibit 7**.

18.      Dream Tours failed to make the September 1, 2009 payment of $5,000 and the September 1, 2009 monthly payment of $10,130.13 to GE Capital, pursuant to Paragraph 2 (C)(D) of the Consent Order.  Dream Tours has made no further payments to GE Capital.

19.      By letter dated September 18, 2009, GE Capital notified Dream Tours that its account was in default for the Debtor's failure to make the September 1, 2009 payment of $5,000 and the September 1, 2009 monthly payment of $10,130.13 to GE Capital, pursuant to Paragraph 2 (C)(D) of the Consent Order.  GE Capital demanded that Dream Tours remit the outstanding balance within five (5) business days; otherwise, pursuant to the Consent Order and the Security documents, GE Capital was entitled to proceed to exercise any and all of its rights and remedies. A true and correct copy of the September 18, 2009 default letter is attached hereto and incorporated herein by reference as **Exhibit 8**.

20.     Dream Tours is in default under the Security Documents, including the Consent Order, as follows:

a)  The Debtor's failure to make the September 1, 2009 payment of $5,000 and the September 1, 2009 monthly payment of $10,130.13 to GE Capital, and failure to perform obligations thereafter, pursuant to Paragraph 2 (C)(D) of the Consent Order;

b)  The Debtor's failure to properly repair and maintain the Vehicles in default of Paragraphs 2(i) and 3(a) of the Master Security Agreement, Exhibit 2 hereto, specifically the Prevost Vehicle unit does not start and operate, and the unit is in disrepair;

c)  The Debtor's failure to allow GE Capital to examine and inspect the Vehicles upon request and refusing to give GE Capital notice of the location of the Vehicles upon request in violation of Paragraph 3(a) of the Master Security Agreement; and, specifically, the Debtor refuses to allow GE Capital to examine and inspect the Van Hool Vehicle unit and refuses to inform GE Capital of the location of the Van Hool Vehicle unit;

d)  The Debtor's failure to assemble and turnover the Vehicles upon default and demand in violation of Paragraph 8 (b) of the Master Security Agreement; and, specifically, (i) the Debtor has the Prevost Vehicle unit blocked in among and by other vehicle units, so that GE Capital is unable to remove the Prevost Vehicle or perform necessary repairs; and (ii) the Debtor has hidden the Van Hool Vehicle unit and/or refused to provide GE Capital with the location to said unit or access

to said unit.  The Debtor's actions are in violation of GE Capital's right to immediate and exclusive possession of its Vehicles.

21.     As of November 12, 2009, the balance due GE Capital from the Debtor under the Security Documents was $171,225.30, plus continuing interest, late charges, prepayment premiums, if any, and other costs and fees, including attorneys' fees ("<u>Balance</u>").

22.     The Debtor enjoys little or no equity in the Vehicles.  Upon information and belief, the value of the Vehicles is approximately as follows:

|  | OLV | FMV |
|---|---|---|
| 2000 Van Hool Vehicle | $ 80,000 | $105,000 |
| 2000 Prevost Vehicle | $110,000 | $135,000 |
|  | $190,000 | $240,000 |

These values are subject to the existence, location, condition and repair of the Vehicles, upon further inspection by GE Capital.  As described and referred to herein, the Prevost Vehicle unit is currently not operable and is blocked in among other units, and may not be repairable; and the Debtor refuses to give GE Capital access to or the location of the Van Hool Vehicle unit. Accordingly, GE Capital is without further knowledge as to the current condition or the Debtor's use of the Van Hool Vehicle unit.

## <u>COUNT ONE - REPLEVIN AND DETINUE</u>

23. All the preceding paragraphs are incorporated as if set forth herein.

24.     Pursuant to the terms of the Security Documents, and under applicable law, GE Capital, in the event of default, may, without limitation, repossess any or all of the Vehicles; and GE is entitled to immediate possession of the Vehicles.  **Exhibit 1**, ¶8

25. One of the Vehicles, specifically, the

| 1 | Prevost | 2PCH33493Y1013345 | 2000 H345 Intercity Motorcoach |
|---|---|---|---|

is located at the Debtor's principal place of business located at 201 Ritchie Rd. #C, Capitol Heights, MD 20743 within this judicial district. The second Vehicle, specifically, the

| 1 | Van Hool | YE2TC13B3Y2044037 | 2000 T2145 Intercity Motorcoach |
|---|----------|-------------------|--------------------------------|

is being hidden from GE Capital by the Debtor.

26.     Pursuant to the terms of the Security Documents, and as a result of the Debtor's breach of its obligations thereunder, GE Capital demanded that the Debtor surrender the Vehicles, and permit GE Capital to repossess the Vehicles.

27.     Dream Tours and Mr. Yi have refused to surrender the Vehicles and to allow GE Capital to repossess the Vehicles, in violation of their obligations under the Security Documents and Guaranty. Accordingly, Dream Tours and Mr. Yi are detaining the Vehicles wrongfully and without legal basis.

28.     GE Capital is presently entitled to the possession of the Vehicles, by virtue of the Security Documents and the Debtor's defaults. GE Capital's interest in the Vehicles is perfected, and it security interest is superior to the claim or claims of any other secured party, named or unnamed.

29.     The Vehicles were neither taken on order or judgment of a Court against GE Capital, nor under an execution or attachment against GE Capital or against the Vehicles.

30.     The Vehicles are being wrongfully detained by the Debtor. Despite GE Capital's demands for the Vehicles, Dream Tours and Mr. Yi have refused and/or failed to provide GE Capital with the same.

31.     GE Capital is informed and believes that the value of the remaining Vehicles is at most between $190,000 and $240,000 depending on the condition of the Vehicles.

32.     GE Capital has a first perfected security interest in each of the Vehicles.

33. During, and as a proximate result of, the Defendants' wrongful possession and detention of the Vehicles, GE Capital has and continues to suffer the loss of use and depreciation of its Vehicles to its damage in a sum according to proof at trial.

34. The reasonable value of the use of the Vehicles is in an amount according to proof at trial, which includes interest at the contract rate.  GE Capital has been damaged in the sum according to proof at trial.

35. GE Capital has retained the services of Mercer Trigiani LLP and Husch Blackwell Sanders LLP to prosecute this action and has thereby incurred attorneys' fees and is entitled to recover attorneys' fees and costs pursuant to the Security Documents.

36. GE Capital has no adequate remedy at law for the injuries and damages currently being suffered in that the Vehicles are being dissipated.  GE Capital is thus losing the value of its secured interest and will have no further recourse and against the Debtor.

37. GE Capital is willing to furnish a bond in the amount of $480,000, which is double the fair market value of the Vehicles. See **Exhibit 10** hereto (copy of Bond).

38. GE Capital reserves the right to seek an award for the damages it has suffered and will continue to suffer as the direct and proximate result of the Debtor's breaches of the terms of the Security Documents, including any further claims for additional costs, expenses and attorneys' fees.

WHEREFORE, pursuant to the Security Documents, the Guaranty and applicable law, GE Capital prays this Court to enter judgment in favor of GE Capital and against the Defendants, jointly and severally, and enter an Order:

a) granting GE Capital immediate possession of the Vehicles, and ordering the Defendants to surrender the Vehicles immediately;

b)  permitting GE Capital to sell or dispose of the Vehicles pursuant to the terms of the Security Documents and law;

c)  reserving GE Capital's right to seek any monetary damages it has suffered as a result of the loss of use and depreciation of the Vehicles and any balance due and owing to GE Capital by the Defendants, in this Court, and/or the applicable court of jurisdiction or arbitral forum; and

d)  for such further relief that this Court deems just, proper and equitable, including a recovery of all legal fees, costs and expenses.

## COUNT TWO – PRETRIAL SEIZURE POSSESSION OF PERSONAL PROPERTY AND TEMPORARY RESTRAINING ORDER

39.     All the preceding paragraphs are incorporated as if set forth herein.

40.     The controlling agreements between the Defendants and GE Capital, including the Security Documents, clearly and unambiguously provide that GE Capital may, with or without process of law, take possession of the Vehicles; and the Defendants' obligations to surrender the Vehicles may be declared by GE Capital without notice or demand. **Exhibit 1**, ¶8.

41.     Pursuant to the terms of the Security Documents, upon default, GE Capital may take possession of the Vehicles or any part thereof on Dream Tours' premises and cause the Vehicles to remain there at the expense of Dream Tours, pending sale or further disposition. **Exhibit 1**, ¶8.

42.     Pursuant to the terms of the Security Documents, the Defendants irrevocably waived any requirement that GE Capital retain possession and not dispose of any Vehicles until after an arbitration, trial or judgment or appeal. **Exhibit 1**, ¶8.

43.     Dream Tours and Mr. Yi have wrongfully detained, and continue to wrongfully detain, the Vehicles.

44.     As more fully set out in the Affidavit, **Exhibit 9**, GE Capital shows that its transactions with the Defendants were commercial transactions and that GE Capital is entitled to an immediate writ of possession, temporary restraining order and preliminary injunction on the grounds that it is within the power of the Defendants to conceal, waste, encumber, convert, convey or remove the Vehicles from the jurisdiction of the Court, and, upon information and belief, the Dream Tours and Mr. Yi have already concealed, converted, conveyed and/or removed Vehicles so as to prevent GE Capital's recovery of same, and that any post-judgment remedies available to GE Capital would be inadequate.

45.     By reason of the past conduct of the Defendants, including failing to remit payment to GE Capital; the Defendants blocking of the Provost Vehicle unit in among other vehicles; the non-operative and deteriorating condition of the Provost Vehicle unit; and the concealing of the Van Hool Vehicle unit, GE Capital has reason to believe that the Defendants will continue to dispose of and/or damage the Vehicles.

46.     As a result of the Defendants' ongoing breaches of the Security Documents and Mr. Yi's breach of the Guaranty, the value of the Vehicles may no longer be sufficient to secure GE Capital's outstanding balance.

47.     Unless the Court grants this relief, the Vehicles may be dissipated, concealed, or sold to third parties, or ill-treated, damaged or otherwise destroyed.

48.     When Dream Tours and Mr. Yi misuse, ill treat, damage, or otherwise destroy, dissipate, conceal, or sell the Vehicles without remitting payment to GE Capital, such actions

cause GE Capital's secured interest in the Vehicles to further erode and will cause GE Capital irreparable harm.

49.     If a pre-trial and pre-judgment writ of possession, temporary restraining order and affirmative preliminary injunctive relief are not allowed, the Vehicles may be dissipated, concealed, or sold to third parties, or ill-treated, damaged or otherwise destroyed.

WHEREFORE, GE Capital pursuant to the Security Documents, the Guaranty and applicable law, prays for judgment and other relief against the Defendants, jointly and severally, as follows:

a)  That GE Capital be granted an immediate pretrial seizure and/or writ of possession allowing it to take possession of the Vehicles as such is within the power of the Defendants to conceal, waste, encumber, convert, convey or remove the Vehicles from the jurisdiction of the Court;

b)  For a temporary restraining order to:

(i)  prohibit and enjoin the Defendants and their agents, servants, employees, and other persons acting under, in concert with, or for them, while this suit is pending, from encumbering, selling, transferring, removing, or otherwise disposing of, damaging, altering, or impairing, any of the Vehicles in which GE Capital enjoys a security interest under the terms of the Security Documents without the written consent of GE Capital or until further order of this Court;

(ii)  prohibit and enjoin the Defendants and their agents, servants, employees, and other persons acting under, in concert with, or for them, from transferring, depositing, withdrawing, spending, accessing, commingling or otherwise using

the proceeds from the sale of any Vehicles without the written consent of GE Capital or until further order of this Court;

(iii) require the Defendants and their agents, servants, employees, and other persons acting under, in concert with, or for them, to turnover and surrender the Vehicles to GE Capital;

(iv) prohibit and enjoin the Defendants and their agents, servants, employees, and other persons acting under, in concert with, or for them, from hindering GE Capital's access to the Vehicles, and specifically, among other things, allowing GE Capital to enter upon the premises of the Debtor, utilize the services of a lock smith or other persons or services as may be needed to enter buildings, fenced areas and/or otherwise to gain access to and remove the Vehicles, including, among other things, moving of other vehicles and items blocking access to the Vehicles, to the extent necessary to remove the Vehicles;

c) That all costs be taxed against the Defendants; and

d) That this Court provide GE Capital with such other legal and equitable relief as it deems proper and appropriate, including recovery of all legal fees, costs and expenses.

<u>**COUNT THREE – PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DETINUE**</u>

50. All the preceding paragraphs are incorporated as if set forth herein.

WHEREFORE, pursuant to the Security Documents, the Guaranty and applicable law, GE Capital prays for judgment and other relief against the Defendants, jointly and severally, as follows:

a)      That GE Capital be granted a preliminary and permanent injunction allowing it to take possession of the Vehicles as such is within the power of Defendants to conceal, waste, encumber, convert, convey or remove the Vehicles from the jurisdiction of the Court, and to exercise all of its rights regarding the Vehicles.

b)      For a preliminary and permanent injunctive relief to:

(i) prohibit and enjoin the Defendants and their agents, servants, employees, and other persons acting under, in concert with, or for them, from encumbering, selling, transferring, removing, or otherwise disposing of, damaging, altering, or impairing, any of the Vehicles in which GE Capital enjoys a security interest under the terms of the Security Documents without the written consent of GE Capital or until further order of this Court;

(ii) prohibit and enjoin the Defendants and their agents, servants, employees, and other persons acting under, in concert with, or for them, from transferring, depositing, withdrawing, spending, accessing, commingling or otherwise using the proceeds from the sale of any Vehicles without the written consent of GE Capital or until further order of this Court;

(iii) require the Defendants and their agents, servants, employees, and other persons acting under, in concert with, or for them, to turnover and surrender the Vehicles to GE Capital;

(iv) prohibit and enjoin the Defendants and their agents, servants, employees, and other persons acting under, in concert with, or for them, from hindering GE Capital's access to the Vehicles, and specifically, among other things, allowing GE Capital to enter upon the premises of the Debtor, utilize the services of a lock

smith or other persons or services as may be needed to enter buildings, fenced areas and/or otherwise to gain access to and remove the Vehicles, including, among other things, moving of other vehicles and items blocking access to the Vehicles, to the extent necessary to remove the Vehicles;

c)   That all costs be taxed against Defendants; and

d)   That this Court provide GE Capital with such other legal and equitable relief as it deems proper and appropriate, including recovery of all legal fees, costs and expenses.

## COUNT FOUR – DAMAGES

51. All the preceding paragraphs are incorporated as if set forth herein.

WHEREFORE, GE Capital prays for judgment and other relief against Dream Tours as follows:

a)      For judgment against the Defendant, Dream Tours, Inc. in the  principal sum of $171,225.30 plus continuing interest, late charges, prepayment premiums, if any, and other costs and fees, including attorneys' fees until paid in full;

b)      That all costs be taxed against Debtor; and

c)      That this Court provide GE Capital with such other legal and equitable relief as it deems proper and appropriate.

This 24th day of November, 2009.          **GENERAL ELECTRIC CAPITAL CORPORATION**


By: /s/ Philip C. Baxa

Philip C. Baxa, Esquire MD Bar No. 11675
MercerTrigiani LLP
16 South Second Street
Richmond, VA  23219
Tel: 804-782-8691
Fax: 804-644-0209
phil.baxa@mercertrigiani.com

and

P. Glen Smith, Esquire
Husch Blackwell Sanders LLP
4801 Main Street
Suite 1000
Kansas City, MO 64112
Tel: 816-983-8000
Fax: 816-983-8080
glen.smith@huschblackwell.com

Counsel for General Electric Capital Corporation

## **CERTIFICATE**

I certify that on this 24th day of November, 2009, a copy of the foregoing Complaint and Petition for Replevin, Pretrial Seizure Possession of Personal Property, Temporary Restraining Order and Preliminary Injunction, Detinue and Judgment for Damages of General Electric Capital Corporation was filed via the Electronic Case Filing (ECF) system, as appropriate, and served by overnight delivery on the following:

Simon M. Osnos
Registered Agent for Dream Tours, Inc.
7301 Brickyard Road
Potomac Heights, MD  20854

Dream Tours Inc., a Corporation
201 Ritchie Road, #C-2
Capitol Heights, MD  20743

Peter Yi, an individual
11591 Avondale Drive
Fairfax, VA  22030

Gloria H. Lee, Esquire
The Metropolitan Law Group
7700 Leesburg Pike, Suite 312
Falls Church, VA 22043

/s/ Philip C. Baxa

R0009489